IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AASIM IBN WILLIE NASH** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0524 |
| | : | |
| **PHILA. PUBLIC DEFENDERS ASSOC.,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                               MARCH 1, 2022

This matter comes before the Court by way of a Complaint (ECF No. 2) brought by Plaintiff Aasim Ibn Willie Nash, proceeding *pro se*. Also before the Court is Nash's Motion to Proceed *In Forma Pauperis* and his "Motion to Strike." (ECF Nos. 5 & 6.) Because it appears that Nash cannot afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim and deny the Motion to Strike.

**I.      FACTUAL ALLEGATIONS**[1]

Nash brings this civil action against the "Phila. Public Defenders Assoc." (Compl. at 1.) Although unclear, it is possible Nash also sought to sue a public defender who represented him. (*Id.* at 2.) The Complaint reflects that Nash is a civilly committed detainee currently residing at a wellness and recovery center operated by New Vitae. (*Id.* at 4.) Nash used the Court's form

---

[1]      The factual allegations set forth in this Memorandum are taken from Nash's Complaint.

complaint for violation of civil rights to prepare his Complaint, and indicates that he seeks to raise claims pursuant to 42 U.S.C. § 1983. (*Id.* at 3 (noting that § 1983 is the basis for Nash's claims).)

Nash's allegations are sparse. As he describes it, the basis for his claims is a "violation of waiver for [counsel] rights" that occurred in 2020. (*Id.* at 4-5.) Nash asserts that "[a] public defender did my case and I Aasim Ibn Willie Nash does my own law cases in USA." (*Id.* at 5.) He also asserts that New Vitae "didn't let me out." (*Id.* at 4.) It is unclear whether this allegation refers to a prior detention at the New Vitae facility or Nash's current detention. Nash contends that as a result of this conduct, he has suffered "blurry vision." (*Id.* at 5.) He seeks $65 million in damages and asserts that he is "in custody and did no offense."[2] (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Nash leave to proceed *in forma pauperis* because it appears that he is unable to pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. The determination of whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2]   It is not clear how Nash came to be civilly detained at New Vitae. Notably, he does not seek release from the facility, but even if he did, any such request would have to be raised in a petition for a writ of *habeas corpus*, rather than in a § 1983 action. *See Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (*per curiam*) (civilly committed detainee's request for release was "not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies"); *see also Aruanno v. New Jersey*, 215 F. App'x 157, 158 (3d Cir. 2007) (*per curiam*) (suggesting that had civilly committed detainee sought "immediate release from civil commitment or a shorter civil commitment period[,]" his claims would lie at the "core of habeas").

(2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Nash is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

As noted, the Complaint reflects Nash's intention to raise civil rights claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construing the Complaint, the Court understands Nash's claims to derive from a public defender's representation of him in a court proceeding. The basis for Nash's claims appears to be that he was not permitted to waive counsel and represent himself in that proceeding. However, public defenders are not state actors "when performing a lawyer's traditional functions as counsel[,]" *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted), and their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare*

*Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cty.*)).  Accordingly, Nash's § 1983 claims are not plausible.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Nash leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court concludes that leave to amend would be futile because Nash cannot cure the deficiencies in his Complaint.  The "Motion to Strike," which states only "violation of waiver for [counsel]" and does not request any particular relief from the Court, is denied.  An Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO, U.S.D.C.J.*

4